UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
SAMUEL ACEVEDO MUNIZ,               :    Civil Action No. 10-2444 (RBK)
                                    :
              Petitioner,           :
                                    :
         v.                         :
                                    :    **MEMORANDUM OPINION AND ORDER**
DONNA ZICKEFOOSE,                   :
                                    :
              Respondent.           :
_____ :

IT APPEARING THAT:

1.  On May 13, 2010, Petitioner, a federal prisoner confined at the F.C.I. Fort Dix, filed a § 2241 petition challenging calculation of his sentence.  See Docket Entry No. 1.  The Petition arrived together with Petitioner's duly executed in forma pauperis application.  See Docket Entry No. 1-2.

2.  Petitioner's challenge questioned the calculation of his period of federal confinement;[1] he suggested that the Petition was duly exhausted.  See Docket Entry No. 1.  The Court, therefore, granted Petitioner in forma pauperis status and directed Respondent to answer the Petition.  See Docket Entry No. 2.

---

[1] Specifically, Petitioner was seeking to shorten the term of his federal confinement by the period from June 9, 1999 (the date of his arrest) to July 11, 2001, which represented the time spent Petitioner spent in state custody prior to commencement of his federal confinement, and which period was credited against Petitioner's federal period of confinement by his federal judge pursuant to the U.S. Sentencing Guidelines Manual § 5G1.3.

3. Respondent moved for extension of time to answer since, at that point, Respondent was in the process of recalculating Petitioner's sentence by factoring in the time credited by his federal sentencing judge against Petitioner's federal confinement.  See generally, Docket Entries Nos. 4, 5 and 6.

4. On January 25, 2011, Respondent moved this Court for dismissal of this matter as moot on the grounds that Petitioner's sentence was, by that time, already adjusted giving Petitioner the very relief Petitioner sought in his Petition.  See Docket Entry No. 6.

5. Upon examination of the documents attached to Respondent's motion, the Court found Respondent's position well merited and, correspondingly, dismissed the Petition as moot; this Court's order directing Respondent's filing of an answer was vacated accordingly.  See Docket Entries Nos. 7 and 8.

6. On February 9, 2011, Petitioner filed a submission at bar, which Petitioner titled "Informative Motion & Request for Determination" ("Motion").  See Docket Entry No. 9.

7. In his Motion, Petitioner asserted that, although he had his federal period of confinement adjusted to correspond to the downgrading given to him by his federal sentencing judge pursuant to § 5G1.3, Petitioner now wished to seek another recalculation.  Specifically, when Respondent recalculated Petitioner's federal period of confinement to a shorter term

    (to reflect the wishes of Petitioner's sentencing judge), Respondent correspondingly recalculated the good-conduct-time ("GCT") credits available to Petitioner in order to match this, now shortened, term of Petitioner's federal confinement.  Petitioner, however, argued in his Motion that, while his federal period of confinement was properly reduced, Petitioner should have been entitled to keep his original GCT credits, <u>i.e.</u>, the GCT credits corresponding to the entire length of his federal sentence, rather than to the period of his federal confinement reduced by the amount of time given to Petitioner by his federal judge in light of the time spent by Petitioner in state custody prior to the commencement of his federal confinement.  <u>See</u> <u>id.</u>

8.    Respondent filed an opposition to Petitioner's Motion arguing that this new line of Petitioner's challenges was wholly unexhausted and, in addition, that a number of federal courts found Petitioner's GCT position without merit.  <u>See</u> Docket Entry No. 10.

9.    Petitioner traversed to Respondent's opposition, <u>see</u> Docket Entry No. 11, effectively stating that, once Petitioner's federal judge factored in Petitioner's time spent in state custody prior to commencement of Petitioner's federal confinement, Petitioner's federal confinement retroactively began at the time when that state custody period began to

      run and, thus, the GCT credits should be calculated on the basis of both Petitioner's period of federal confinement *and* his period of pre-federal state custody that was factored in by his federal sentencing judge under § 5G1.3.  In addition, Petitioner asserted that his GCT challenges should be deemed duly exhausted because these challenges were, in a way, implied in Petitioner's administrative applications requesting reduction of his period of federal confinement by the period of pre-federal-confinement state custody factored into Petitioner's sentence by his federal sentencing judge. <u>See</u> <u>id.</u>

10. Two distinct considerations drive this Court's analysis at this juncture.  One is whether Petitioner's instant GCT challenges are properly raised in this matter by means of the Motion at hand, while another is whether these GCT challenges should be deemed duly exhausted (and, if exhausted, then meriting habeas relief).  In order to address these considerations, the Court finds it warranted to visit, without making a legal finding, the substantive law of Petitioner's now-asserted GCT claim.

11. As of now, this Court is not aware of any decision issued by the United States Court of Appeals for the Third Circuit with regard to the challenges substantially similar to Petitioner's GCT claim.

12.  As Respondent correctly noticed, a number of federal district courts addressed the GCT arguments raised in the context substantively indistinguishable from Petitioner's instant GCT challenges. See Docket Entry No. 7, at 2 (citing Schuschny v. Fisher, 2008 WL 5381493, *3 (N.D. Fla. Dec. 19, 2008); Gouch v. Eichenlaub, 2008 WL 2831250, *1 (E.D. Mich. July 21, 2008); Green v. United States of America, 2009 WL 2982864, *3 (N.D. Oh. September 11, 2009); Hickman v. United States, 2006 WL 20489, *2 (S.D.N.Y. 2006)).  In fact, by now at least one circuit court addressed this very challenge. See Schleining v. Thomas, 2011 U.S. App. LEXIS 13076 (9th Cir. June 27, 2011).  The Ninth Circuit's decision in Schleining concluded, and not unreasonably, that GCT credits cannot be given for the time exceeding the period actually served in federal confinement. See id. at *3 (providing a detailed discussion of the issue, citing a panoply of relevant authorities and observing, inter alia, that "[u]nder the terms of 18 U.S.C. § 3624(b)(1), GCT can accrue only on the time a prisoner has 'actually served' on his federal sentence. See Barber v. Thomas, 130 S. Ct. 2499, 2506-07 (2010). Pursuant to 18 U.S.C. § 3585(a), 'a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to

5

commence service of sentence at, the official detention facility at which the sentence is to be served.'  Although this court has not yet been called upon to determine when a federal sentence begins for a prisoner already serving a state term of imprisonment, other courts have interpreted to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court.  See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a district court cannot 'backdate' a federal sentence to the beginning of a state prison term on related state charges); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ('[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served')").

13. However, the Schleining conclusions, while representing the what is currently prevalent law on the issue, differ from conclusions reached by a minority of courts.  Perhaps the most notable decision among this minority of holdings is Lopez v. Terrell, 697 F. Supp. 2d 549 (S.D.N.Y. 2010), a detailed and lengthy discussion which, to the degree such lengthy discussion could be summarized, might be reduced to an observation that the phrase "term of imprisonment" is ambiguous in the sense that it could include or exclude pre-sentence time, and, if the pre-sentence time is included,

than the GCT credit calculation on the basis of the sum of the period of federal confinement and the pre-federal state confinement factored into the federal sentence under § 5G1.3 might be warranted.

14. At this juncture, the Court's reaching this issue on merits is premature. However, the above-outlined disparity between the majority and minority views is highly instructive in one respect, i.e., it indicates that an inmate's administrative challenges seeking recalculation of his/her federal term of confinement to reflect the § 5G1.3 downgrading cannot be conflated with and/or read as automatically implying the inmate's administrative challenges based on recalculation of GCT credit after the adjustment reflecting § 5G1.3 downgrading is done. In other words, the BOP officials presented with such GCT credit challenges might or might not grant the requested relief, since they may follow either the rationale articulated in Schleining or may adopt the logic of Lopez.

15. The aforesaid conclusion returns this Court to one of its two key considerations present at this juncture, i.e., the issue of exhaustion. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of

his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals: it is "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Goldberg v. Beeler, 82 F. Supp. 2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Although exhaustion of administrative remedies is not required where exhaustion would not promote these goals, see, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be

inadequate to prevent irreparable harm"); Carling v. Peters, 2000 U.S. Dist. LEXIS 10288, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"), the exhaustion requirement is not excused lightly.  Indeed, it has been long established that an inmate's unjustified failure to pursue administrative remedies results in procedural default warranting decline of judicial review.  The Court of Appeals addressed this issue in Moscato, 98 F. 3d 757, the case where an inmate filed a § 2241 petition after the Central Office had denied his administrative appeal as untimely. The Court of Appeals pointed out that the inmate's failure to satisfy the time limits of the BOP's administrative remedy program resulted in a procedural default, see id. at 760, rendering judicial review of his habeas claim unwarranted, that is, unless the inmate can demonstrate cause for his failure to comply with the procedural requirement[2] and, in addition, actual prejudice resulting

---

[2]  The "cause" standard requires a showing that some external objective factor impeded the inmate's efforts to comply with the procedural bar.  See Murray v. Carrier, 477 U.S. 478, 488  (1986); United States v. Pelullo, 399 F. 3d 197, 223 (3d Cir. 2005) ("Examples of external impediments . . . include interference by officials") (citations and internal quotation marks omitted); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) ("cause" typically involves a novel constitutional rule, a new factual predicate, hindrance by officials in complying with the procedural rule, or akin).  In contrast, a procedural default caused by ignorance of the law or facts is binding on the habeas

from the alleged violation. See id. at 761. Clarifying the rationale of its decision, the Moscato Court explained that application of the cause and prejudice rule to habeas review of BOP proceedings insures that prisoners do not circumvent the agency and needlessly swamp the courts with petitions for relief, and promotes such goals of the exhaustion requirement, such as allowing the agency to develop a factual record and apply its expertise facilitates judicial review, conserving judicial resources, and fostering administrative autonomy by providing the agency with an opportunity to correct its own errors. See id. at 761-62; see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). Here, Petitioner's traverse to Respondent's opposition to Petitioner's Motion does not set forth any facts warranting excuse of exhaustion. Moreover, granted the above-detailed majority-minority split between the courts (as to the GCT credit issues raised in the circumstances now being experienced by Petitioner) is, in and by itself, the strongest argument in favor of exhaustion. Simply put, if -- as it is the case here -- the BOP elected to follow the rationale adopted by the majority of courts and exemplified by Schleining, the BOP shall be provided with an administrative opportunity to

---

petitioner. See Murray, 477 U.S. at 485-87.

address the logic of <u>Lopez</u> and either correct the BOP's <u>Schleining</u>-like determination or express its position as to why the holding of <u>Lopez</u> is without merit. Therefore, Petitioner's GCT credit challenges should be dismissed, without prejudice, as unexhausted.

16. Correspondingly, Petitioner's GCT challenges are improperly raised by means of the Motion at hand. As the previous discussion demonstrates, Petitioner's GCT challenges are qualitatively different from his initial claim and are based on the factual predicate distinct from the one alleged in the Petition (<u>i.e.</u>, the Motion asserts that, *after* the BOP adjusted Petitioner's period of federal confinement by factoring in the downgrading granted to Petitioner by his federal sentencing judge under § 5G1.3, the BOP unduly recalculated Petitioner's GCT credits down; in contrast, the Petition that gave rise to this matter was maintaining that the BOP was *refusing* to factor into Petitioner's period of federal confinement the downgrading granted to Petitioner by his federal sentencing judge under § 5G1.3). Therefore, Petitioner's raising of this new CGT claim and his reliance of a different factual predicate was a procedural error, since a litigant cannot plead claims, state and/or support facts by any non-pleading document, be it moving papers, an opposition to adversaries' motion, the litigant's traverse,

etc. See, e.g., Bell v. City of Phila., 275 Fed. App'x 157, 160 (3d Cir. 2008); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004); Veggian v. Camden Bd. of Educ., 600 F. Supp. 2d 615, 628 (D.N.J. 2009). Simply put, what Petitioner filed as the Motion in this action should have been filed -- after due administrative exhaustion -- as a new and separate § 2241 petition.

IT IS, therefore, on this   21st   day of    July   , 2011,

ORDERED that the Clerk shall reopen this matter for the Court's examination of Petitioner's Motion, Docket Entry No. 9, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED": and it is further

ORDERED that Petitioner's Motion, Docket Entry No. 9, is denied in the sense that it is construed as a new and separate § 2241 petition; and it is further

ORDERED that the Clerk shall open a new and separate matter for Petitioner, designating "Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)" and "Nature of Suit: 530 Habeas Corpus (General)"; and it is further

ORDERED that, in this new and separate matter, the Clerk shall designate "SAMUEL ACEVEDO MUNIZ, ID NO. 18335-069, F.C.I. FT. DIX, P.O. BOX 38 WEST 5812, FORT DIX, NEW JERSEY 08640" as "Petitioner Pro Se" and "DONNA ZICKEFOOSE" as "Respondent"; and it is further

ORDERED that, for the purposes of that new and separate matter, Petitioner is granted <u>in forma pauperis</u> status on the basis of his <u>in forma pauperis</u> application submitted in the instant matter; and it is further

ORDERED that the Clerk shall docket Petitioner's motion (docketed in this matter as Docket Entry No. 9) in that new and separate matter opened for Petitioner; the Clerk shall designate that docket entry as "SECOND PETITION" and as docket entry no. 1 in that new and separate matter; and it is further

ORDERED that the Clerk shall docket these Memorandum Opinion and Order in that new and separate matter opened for Petitioner; the Clerk shall designate that docket entry as "ORDER" and as docket entry no. 2; and it is further

ORDERED that the Clerk shall assign this new and separate matter to the undersigned; and it is further

ORDERED that the aforesaid SECOND PETITION shall be deemed dismissed, without prejudice, for Petitioner's failure to exhaust administrative remedies; and it is further

ORDERED that the Clerk shall administratively terminate this new § 2241 matter opened for Petitioner by making a separate entry on the docket of that new matter reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that, in the event Petitioner exhausted his challenges based on downward recalculation of his good-conduct-

time credits by the time of entry of these Memorandum Opinion and Order, Petitioner shall advise this Court of the same in writing within thirty days from the date of entry of these Memorandum Opinion and Order. In the event Petitioner duly exhausted his administrative remedies and timely advises this Court of the same, the Court will direct the Clerk to reopen the new § 2241 matter opened for Petitioner and will direct Respondent to answer Petitioner's challenges set forth in the SECOND PETITION; and it is further

ORDERED that the Clerk shall serve these Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested, together with a copy of the docket sheet created in the new and separate § 2241 matter opened for Petitioner (in order to ensure Petitioner's opportunity to timely advise the Court of his exhaustion of administrative remedies as to his GCT claims, if such exhaustion actually took place and was completed by the time of entry of these Memorandum Opinion and Order); and it is further

ORDERED that the Clerk shall serve these Memorandum Opinion and Order upon Respondent by means of electronic delivery. No action by Respondent is required at the instant juncture with regard to the new and separate § 2241 matter opened for Petitioner; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry of the docket of this matter reading "CIVIL CASE CONCLUSIVELY CLOSED."


                                                s/Robert B. Kugler
                                                **Robert B. Kugler,**
                                                **United States District Judge**